Judge Trimble,
delivered the following opinion of, the court: — -It appears from the bill of exceptions, in the record, that the court below dismissed the suit of; t^le plaintiffs, on the motion of the defendant, on the ground of non-resi.dence ; no bond and security for costs having been given by the plaintiffs, before the commencement of the suit,† although it is stated by the bill ot exceptions, that bond and security tor the costs *541 had been filed with the clerk, before the motion to dismiss was made, and before the calling of the suit at that term. It also appears, that the motion was not made until after the jury was sworn.
Hardin, for the plaintiffs.*
We are of opinion, that it was too rigid a construction of the act of assembly, to dismiss the suit under these circumstances. Although the letter of the act speaks of security being given before the commencement of the suit, yet the object of the law is fulfilled, to every reasonable intent, if the security is given at any time before the dismission of the suit for want of security, or upon security being required by the defendant (a). We are also of opinion, that the motion to dismiss for want of security, came too late after the jury was sworn ; and that it ought not then, to have been heard by the court. The plaintiff has the right of contesting the fact of non-residence ; and it would give the defendant a most unreasonable advantage over him, if the motion were permitted to be made after the jury was sworn ; when, in general, the plaintiff could not have reasonable time or opportunity of making defence to the motion.
It appears that the verdict of the jury was set aside merely to let in a dismission of the suit, by virtue of the motion made after the swearing of the jury; for the court below directed the verdict and judgment to be set aside, without granting a new trial ; and immediately proceeded to dismiss the suit, upon the motion made as aforesaid ; this was grossly erroneous.
It is, therefore, considered by the court, that the said order and judgment of the Garrard circuit court, setting aside the verdict and judgment, and dismissing the suit of the plaintiffs, shall be, and the same is hereby reversed, annulled, and set aside ; and the cause is remanded to the said circuit court, with directions to render judgment upon the verdict of the jury, for the plaintiffs, with costs ; and it is further considered, that the plaintiffs here, recover of the defendant, their costs in this behalf expended. Which is ordered to be certified to said court.

 ASts of 1796^7,, p, 19, ¾ 8* s Brad. 219 — A6U of iSoj, ch. 64, § as p. 108. ...

 Ware vs. Biggerflaff, fpring term, 1799, S. P.